IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES SULTAN, #A-93755 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-828-GPM |
| | ) | |
| MARC HODGE, | ) | |
| MARK STORM, | ) | |
| TY BATES, and | ) | |
| S.A. GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff, currently incarcerated at Lawrence Correctional Center, ("Lawrence") is serving a 36 year sentence for armed kidnapping, robbery and murder. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Hodge, the Warden of Lawrence, Defendant Storm, Assistant Warden, Defendant Bates, IDOC Deputy Director, Southern District, and S.A. Godinez, Director of the IDOC.

Plaintiff's complaint states that his Fourteenth Amendment rights are being violated as he does not enjoy the same "privileges and amenities" afforded inmates in other Level-II facilities within the IDOC system. Plaintiff complains that his grievances about this discrimination have been denied. He requests unspecified treatment provided at other IDOC facilities or a transfer.

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

1

committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 49 (1988). These claims shall be dismissed with prejudice.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Plaintiff states that his grievances have been denied. However, the denial of a grievance alone does does not implicate the constitution.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

Plaintiff states generally that the conditions at Lawrence are different, and apparently, less desirable, than conditions at other similarly classified IDOC facilities.  Plaintiff believes this to show unequal and discriminatory treatment.

> [N]either negligence nor strict liability is the appropriate inquiry in prison-conditions cases. . . . prisoners who contest the conditions of their confinement under the eighth amendment must establish that their custodians either established the conditions to inflict wanton pain or are deliberately indifferent to whether the conditions have these effects.  The eighth amendment is concerned with "punishment", and . . . showing a culpable mental state is essential in establishing that conditions of confinement are part of the "punishment".

*Steading v. Thompson*, 941 F.2d 498, 499-500 (7th Cir. 1991), *citing Wilson v. Seiter*, 501 U.S. 294 (1991).

Plaintiff has made no such allegations and instead recites general constitutional language, interspersed with gratuitous legal phrases and general objections to his confinement without stating when events occurred or any individual personally responsible.

For the due process clause to be applicable in this instance, there must be a protected liberty interest that is being infringed upon. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976).

However, not every action with negative consequences creates a liberty interest for inmates. *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976). The Seventh Circuit has stated, relying on *Montanye v. Haymes*, 427 U.S. 236 (1976), that inmates do not possess a liberty or property interest in their prison classifications. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

**Disposition**

The entire case and Defendants Hodge, Storm, Bates and Gozinez shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk of the Court is **DIRECTED** to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:** August 30, 2012

/s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge